UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



-------------------------------------------------------------X

ROBERT CHRISTOPHER,

                Plaintiff,

**COMPLAINT**

-against-

**SPATT, J.**

NCO FINANCIAL SYSTEMS, INC.,
                Defendant.

**BROWN, M. J.**

-------------------------------------------------------------X

      Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

    1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

## PARTIES

    2.    Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. That defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a foreign business corporation incorporated in Pennsylvania.

4. That defendant uses the mail and the telephone to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

6. That plaintiff re-alleges paragraphs 1-5 as if fully re-stated herein.

7. That plaintiff is alleged to owe a debt incurred for personal purposes to American Express.

8. That at some point in time American Express claimed that the debt fell into default.

9. That at some subsequent point in time American Express sued plaintiff for the debt and obtained a judgment against plaintiff.

10. That thereafter American Express used various collectors and attorneys to collect the judgment debt.

11. That upon receipt of the communications from said collectors, plaintiff conferred with his attorneys at Fagenson & Puglisi.

12. That Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to said collectors informing them that Fagenson & Puglisi represented plaintiff, that plaintiff was disputing the debt and that plaintiff should not be contacted directly concerning the debt.

13. That by letter dated April 11, 2008, the Law Offices of Mitchell N. Kay wrote to Ms. Puglisi on behalf of its client American Express inquiring as to whether she represented plaintiff.

14. That by letter dated April 23, 2008, Ms. Puglisi responded to Mitchell N. Kay, confirming that she continues to represent plaintiff.

15. That by letter dated October 13, 2008 Richard A. Klass, Esq. wrote to Ms. Puglisi on behalf of his client American Express concerning the judgment debt.

16. That Mr. Klass's letter was copied to defendant.

17. That a copy of Mr. Klass's letter is attached as Exhibit 1.

18. That by letter dated March 8, 2012 defendant wrote to plaintiff in an attempt to collect the same debt.

19. That defendant sent said March 8, 2012 letter directly to plaintiff at his home.

20. That, in addition, during the one year period immediately preceding the date of commencement of the within action, defendant has called plaintiff on several occasions in its attempts to collect the debt.

## AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§1692c(a)(2), 1692e, and 1692e(10)

21. That plaintiff re-alleges paragraphs 1-20 as if fully re-stated herein.

22. That, on information and belief, both the offices Mitchell N. Kay and Richard A. Klass, as attorneys for American Express, did inform American Express that plaintiff was represented by Fagenson & Puglisi.

23. That upon information and belief, American Express did in turn inform defendant of Fagenson & Puglisi's representation.

24. That, moreover, defendant received direct knowledge that Fagenson & Puglisi represented plaintiff when defendant received a copy of Exhibit 1 from attorney Richard A. Klass.

25. That, notwithstanding this knowledge that plaintiff was represented by counsel, defendant nevertheless sent its March 8, 2012 letter directly to plaintiff.

26. That, notwithstanding this knowledge that plaintiff was represented by counsel, defendant nevertheless contacted or attempted to contact plaintiff directly by telephone.

27. That defendant's said communications with plaintiff constitute communications in violation of the FDCPA, §1692c(a)(2).

28. That defendant is further in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's said communications constitute deceptive and misleading means used in an attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL §349

29. That plaintiff re-alleges paragraphs 1 to 28 as if fully re-stated herein.

30. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

31. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts.

32. That on information and belief, defendant sends letters to thousands of consumers within New York State each year, knowing that said consumers are represented by counsel.

33. That on information and belief, defendant places telephone calls to thousands of consumers within New York State each year, knowing that said consumers are represented by counsel.

34. That, on information and belief, defendant has a pattern of making these kinds of improper contacts with consumers.

35. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

36. That plaintiff suffered harassment and abuse as a result of defendant's said improper contacts with him, even though defendant knew he was represented by counsel.

37. That defendant violated NYGBL §349(a) and is liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(b) actual damages pursuant to 15 U.S.C. §1692k and NYGBL §349 in an amount to be determined at the time of trial;

(c) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(d) statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(f) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
August 20, 2012.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1



# Richard A. Klass, Esq.
Your Court Street Lawyer

16 Court Street, 29th Floor, Brooklyn NY 11241 • Phone 718-643-6063 • Fax 718-643-9788
Email: RichKlass@courtstreetlaw.com

October 13, 2008

Fagenson & Puglisi
Attn: Concetta Puglisi, Esq.
450 Seventh Avenue, Suite 3302
New York NY 10123

       Re: AMEX Centurion Bank Inc.
         v. Robert Christopher
         Index No. 8846/2003
         My File No. 03-00077-0

Dear Ms. Puglisi:

  With regard to the above matter, this letter will confirm that this office remains the attorney of record concerning enforcement of the Judgment against your client, Robert Christopher. This office has corresponded with the Law Offices of Mitchell N. Kay concerning the same.

  Please direct any and all future communications concerning this matter to this office. Thank you for your prompt and immediate attention to this matter.

             Very truly yours,

             Rich Klass, Esq.

Cc: NCO Financial Systems, Inc.
   Attn: Carol Schaffer
   By email to: carol.schaffer@ncogroup.com

This letter is an attempt to collect a debt - any information received in response thereto may be used for that purpose.

03-00077-0